The opinion of the Court was delivered by
Whitner, J.
A settled purpose on the part of this Court in no way to invade the legitimate province of the jury, has created the only hesitation in sending this case back. We are constrained to say, after a eareful examination of the ca'se made in this brief, that a verdict for the defendant was not authorized by any just view suggested to our minds. To have reached a conclusion favorable to the defence was matter of inference, and yet, conceding every fact established by way of defence, the just inferences, it is confidently submitted, lead directly to a different result.
The action is on bond, the execution of which is uncontroverted. Its enforcement is resisted because it is alleged not to have been accepted, or to have been delivered as an escrow. It is in the hands of the obligor, where it was incontrovertibly placed by the parties executing, and at the time.
I have no disposition to press at this point of the case the legal question suggested as to the controlling effect of such delivery. It has not been debated, and consequently not fully considered. An escrow is defined to be a deed delivered to a third person to be the deed of the party on a future condition. It is to be delivered to a stranger, mentioning the condition, and has relation to the first delivery. Jac. Law Die. founded on 2 Roll. Ab. 25-6; Co. Lit. 31-36. In 4 Com. Dig. Tit. Fait, (deed) A. 5, if an obligation be made to A. and delivered to A. himself, as an escrow, to be his deed upon the performance of a condition, this is an absolute delivery, and the subsequent words are void and repugnant. Again, 13 Vin. Ab. Faits (deeds), M. 8, a difference was taken between deliv *329 ery of a deed to a stranger or the party himself. It cannot be an escrow if delivered to the party himself.
In 6 Mod. 218, Holt, J. says, it is agreed by all that the deed cannot be an escrow to the party himself. In 2 Black. 307, and subsequent authorities, the same doctrines will be found.
The bonds were placed in the hands of the obligor, recorded in his office, the principal thereupon assumed the trust, and was received and treated henceforth as such. Assuredly that can be no hard measure of justice which shall require some proof of the fact affirmed by the defendant.
Neither the subscribing witness nor any other recollects any condition at the time of execution and delivery. It behooves the Court to look well to such a case, and at each step proceed with caution to attain a well-authorized conclusion. This, if a contract at all, is one of high import. Interests very peculiarly commended to the vigilance of judicial tribunals are involved. These should not be lightly jeopardied; certainly not by an unauthorized inference, capriciously interposed or hastily drawn. The officer to whom the Court in the first instance confided tlm due execution of this contract, and upon whom the law devolved very special responsibilities, is concerned. If these fail, sureties to a preceding trust may become implicated. It is true, these suggestions furnish any thing else than a consideration for placing responsibility on the wrong shoulders, yet they disclose the caution* required, least in the sequel there may be a gross and manifest injury, for which none may be held to respond. The primá faeies are against this defendant, and before these bonds are avoided the proof should be plenary.
A mere statement of the grounds on which the defence is rested, sufficiently discloses their inadequacy, without elaboration on my part. For instance, that the bonds when being prepared, had three seals, as though designed for three signatures — that it was the usual though not invariable habit of this officer to take two sureties — that he may have told the prinei *330 pal, and perhaps did, that be would require two sureties, tbe fact, if even so, in no way brought home to this surety or the slightest proof that he in any way acted thereupon — that the letters of guardianship were still in the office, with an indorsement of “ fees due,” most likely left for present safe keeping, it may have been from mere neglect, or as a memorandum temporarily that the fees were at the time unpaid.
In the further ground that the order was to enter into bond with sureties to be approved by the Commissioner, there is just as little. The objection is specious, the reply doubtless would necessarily savor of the same quality. However safer the practice to require two or more sureties, we know of no law requiring it, and the result would be strange to avoid a contract such as this, at the instance of the party contracting, without the least indication that he was thereby moved to the act.
The motion for a new trial is granted.
O’Neale, Waedeaw, and Glover, JJ., concurred.

Motion granted.