### COLTER *v.* LOWER and Others.

FALSE IMPRISONMENT.—*Pleading.*—An action for false imprisonment can be maintained without alleging in the complaint that the imprisonment was malicious and without probable cause.

SAME.—*Distinguished from Malicious Prosecution.*—If an imprisonment is under legal process, but the action has been commenced and carried on maliciously and without probable cause, it is malicious prosecution. If it has been extra-judicial, without legal process, it is false imprisonment.

APPEAL from the Warren Circuit Court.

DOWNEY, C. J.—Colter sued the appellees, alleging in his complaint that the defendants, on the 16th day of November, 1867, falsely, wrongfully, and unlawfully seized and arrested the plaintiff in the said county of Warren, and took and confined him in unlawful imprisonment at the town of West Lebanon, in said county, for the space of twelve hours, and continued said arrest and false imprisonment by taking said plaintiff into the county of Tippecanoe, in the State of Indiana, and there unlawfully and falsely imprisoned him in the county jail of that county for twelve days, when he was discharged, no cause for said arrest and imprisonment nor charge of any kind having been at any time preferred against him in any court; that by reason of said false imprisonment he was not only deprived of his liberty, but was compelled to and did undergo great mental suffering, anguish, and humiliation and bodily pain and suffering, and was prevented from attending to his daily affairs for a long space of time, to wit, one month, and was compelled to expend —— dollars

for costs and counsel fees in and about his said false imprisonment, by means of which he has been damaged five thousand dollars; wherefore, &c.

There was a demurrer to this complaint, for the reason that it did not state facts sufficient to constitute a cause of action, which demurrer was overruled, and the complaint held to be sufficient.

Robert Anderson, one of the defendants, filed his separate answer, consisting of seven paragraphs. The plaintiff demurred to the second, third, fourth, fifth, sixth and seventh paragraphs thereof, and the court, another judge presiding, on this demurrer adjudged the complaint insufficient. The other defendants then again demurred to the complaint, and their demurrer was sustained; the plaintiff excepted, and final judgment was rendered in favor of the defendants.

The only question for our decision is as to the sufficiency of the complaint, for the court did not pass on the sufficiency of the answer, and therefore that question is not before us as a court of error.

It is insisted by the appellees that the complaint is bad for the reason that it does not allege that the imprisonment was malicious and without probable cause. It must be conceded that if the approved precedents in the best works on pleading are to be received as evidence of what the law is on this subject, the allegation in question is essential. 2 Chit. on Plead. 857, *et seq.* That the allegation is essential in an action for malicious prosecution, is well understood, and is recognized as the rule by this court; *Wilkinson* v. *Arnold,* 11 Ind. 45; *Ammerman* v. *Crosby,* 26 Ind. 451; *Stancliff* v. *Palmeter,* 18 Ind. 321. But we do not think it essential in an action for false imprisonment, such as the one in question.

There is a marked distinction between malicious prosecution and false imprisonment. At common law, the former was the subject of an action of *trespass on the case,* while, for the latter, *trespass vi et armis* was the remedy. 1 Chit. Plead. 133, 167. If the imprisonment is under legal process, but the action has been commenced and carried on maliciously

and without probable cause, it is malicious prosecution. If it has been extra-judicial, without legal process, it is false imprisonment. In *Turpin* v. *Remy*, 3 Blackf. 210, it was said by STEVENS, J., in delivering the opinion of the court, "An action for a malicious prosecution can only be supported for the malicious prosecution of some legal proceeding, before some judicial officer or tribunal. If the proceedings complained of are extra-judicial, the remedy is trespass, and not an action on the case for a malicious prosecution." In *Johnstone* v. *Sutton*, 1 T. R. 544, it is said in speaking of the action for malicious prosecution, "There is no similitude or analogy between an action of trespass, or false imprisonment, and this kind of action. An action of trespass is for the defendant's having done that, which, upon the stating of it, is manifestly illegal. This kind of action is for a prosecution, which, upon the stating of it, is manifestly legal."

The cases for false imprisonment in this court, we think, fully maintain this distinction, and show that malice does not enter into consideration in actions for that cause. The case of *Taylor* v. *Moffatt*, 2 Blackf. 305, was for false imprisonment, and the defendant was held liable because the judge, who awarded an attachment, at his instance, for violation of an injunction, was held to have no jurisdiction to do so, and the defendant was subjected to the payment of three thousand dollars damages. There was no indication of malice. In *Hall* v. *Rogers*, 2 Blackf. 429, the defendant was held liable, because the charge on which the arrest and imprisonment took place was not legally sufficient. See also *Wasson* v. *Canfield*, 6 Blackf. 406; *Poulk* v. *Slocum*, 3 Blackf. 421.

No proof of malice or want of probable cause is necessary to make out a case for false imprisonment. 2 Starkie's Ev. 1112.

It frequently happens that false imprisonment includes a battery, but it is obvious that the latter is not necessarily included in the former. 2 Starkie's Ev. 1113.

An action for malicious prosecution may be maintained, although there has been no imprisonment.

That the plaintiff was assaulted and beaten, or that the arrest and imprisonment were otherwise accompanied with malice or other indignities, may, no doubt, be given in evidence, as tending to affect the amount of damages. 2 Starkie's Ev. 1114.

We regard the complaint as setting out a good cause of action. If there was any legal justification for the acts alleged to have been committed by the defendants, it devolves on them to set it up in their defense.

The judgment is reversed, with costs, and the cause remanded.

*J. McCabe* and *J. M. Butler,* for appellant.

*W. P. Rhodes* and *W. Z. Stuart,* for appellees.