## CAREY *v.* SHEETS ET UX.

FALSE IMPRISONMENT.—*Complaint.*—*Malice.*—In an action for damages for false imprisonment, it is not necessary to aver in the complaint, that such imprisonment was either wrongful, unlawful, malicious or without probable cause.

SAME.—*Defence.*—*Evidence.*—The fact that such imprisonment was justifiable is matter of defence wholly, to be shown specially by the defendant's answer and evidence.

SAME.—*Making Affidavit for Search-Warrant.*—*Malicious Prosecution.*—Where, in such case, the evidence shows that the defendant had sworn out a search-warrant, which was placed in the hands of a constable, who served the same upon the plaintiff as he was travelling on the public highway in a wagon, and that, with the plaintiff's consent, the constable and defendant searched the wagon for the stolen goods, the defendant is not liable in such action, though, had he acted maliciously and without probable cause, he would have been liable in an action for malicious prosecution.

SAME.—*Instruction to Jury.*—An instruction to the jury in such case, that, if the defendant had maliciously and without probable cause sworn out such search-warrant, upon which such search was made and the plaintiff arrested, the defendant was liable, is erroneous.

From the Hamilton Circuit Court.

*W. Garver, J. S. Losey* and *R. Graham*, for appellant.
*J. W. Evans* and *R. R. Stephenson*, for appellees.

Howk, J.—In this action, the appellees, as plaintiffs, sued the appellant and two other persons, as defendants, in the court below, to recover damages for the alleged arrest, imprisonment and detention of the appellee Mary E. Sheets.

The appellees' complaint was in two paragraphs.

In the first paragraph, the appellees alleged, in substance, that the appellant and Isaac Carey and J. Hill Davis, defendants, on the 24th day of December, 1875, at Hamilton county, Indiana, with force and arms, arrested and imprisoned and detained the appellee Mary E. Sheets, on the public highway, and subjected her to great indignities and insult; that they seized, with force and arms, her goods, wares and merchandise, and the wagon in which she was then legitimately and innocently travelling, and kept and detained her and her said wagon, with force and arms, on said public highway, while they examined and rummaged, disarranged and otherwise greatly damaged her said goods, and kept her for more than an hour in great fright, terror and alarm; whereby she became and was greatly prostrated in her nervous system, and suffered great mental agony and fright, and became thereby, and had ever since been, sick and diseased, to her damage in the sum of five thousand dollars, for which she demanded judgment.

The second paragraph of the complaint differed from the first paragraph chiefly in this, that it alleged the arrest, imprisonment and detention of appellee Mary E. Sheets to have been in Marion, instead of in Hamilton, county, Indiana.

The appellant and the other defendants jointly demurred to each paragraph of the appellees' complaint, upon the ground that it did not state facts sufficient to constitute a cause of action, which demurrers were overruled,

and to these decisions the appellant and said defendants jointly excepted.

The appellant separately answered, in two paragraphs, in substance, as follows:

1. In the first paragraph of his answer, the appellant said, that, on the 24th day of December, 1875, he made and filed with David W. Patty, a justice of the peace of Delaware township, in said Hamilton county, Indiana, an affidavit for the purpose of procuring a writ, known as a search-warrant; that, late in the night preceding said last named day, the dwelling-house of his co-defendant and father, Isaac Carey, had been broken into and robbed of goods and money of the value of about twenty-five dollars, and that the house of one James G. Small, a near neighbor of the appellant, had also been robbed on the same night; that a person, in stature and appearance resembling the appellee James M. Sheets was seen on that night coming out of the house of said Small, there being none of his family at home, and fleeing away; that the appellant, on that night, was informed of said felonies, and, with divers other citizens of this State, set about to detect the perpetrator of said felonies; that the appellees had, but a short time previous to said day, removed to, and settled in, the immediate vicinity of the place where said felonies had been committed, and had established a little store, where they kept some goods, which they used in peddling for country produce; that, on the morning after said goods had been stolen, long before daybreak, the appellees loaded some goods in a wagon, in which the appellee Mary E. Sheets started toward the city of Indianapolis, which conduct of the appellees aroused the suspicions of the neighbors and the appellant; and that, on account of the said suspicious conduct of the appellees, the appellant filed said affidavit, without any malice or intention to wrong the appellees, but for the sole purpose of procuring said stolen goods, and that he had probable cause for so doing.

2.   The second paragraph of appellant's answer was a general denial.

The defendant Isaac Carey answered by a general denial.

The defendant Davis answered by a general denial; and, in a second paragraph, he justified as a special constable, under the search-warrant to him directed, mentioned in the first paragraph of the appellant's answer.

The appellees replied by a general denial to the first paragraph of the appellant's answer, and to the second paragraph of the answer of the defendant Davis.

The issues joined were tried by a jury, and a verdict was returned for the appellee Mary E. Sheets, as against the appellant, assessing her damages in the sum of two hundred and fifty dollars, and finding the other defendants not guilty.   The appellant's motion for a new trial was overruled, and to this decision he excepted; and his motion in arrest of judgment having also been overruled, and his exception saved to such ruling, judgment was rendered by the court below on the verdict.

In this court, the appellant has assigned, as errors, the following decisions of the court below:

1.   In overruling the demurrers to the complaint;

2.   In overruling appellant's motion for a new trial; and,

3.   In overruling his motion in arrest of judgment.

The first and third errors may properly be considered together, as they each call in question the sufficiency of the appellees' complaint.   The appellant's objection to the complaint is, that it " does not state that the wrongs, alleged to have been committed, were done maliciously, unlawfully, or with any wrongful intent or meaning whatever."   This objection is not well taken.   The facts alleged in the appellees' complaint made a *prima facie* case in their favor; and, if sustained by sufficient evidence, those facts would have certainly entitled the appellees to a verdict, unless the acts charged were lawfully justified

in some manner.   But such justification was strictly mat-
ter of defence, to be shown specially by the defendants'
answer and evidence.   *Gallimore* v. *Ammerman*, 39 Ind.
323.   This is not an action for a malicious arrest, or for a
malicious prosecution ; but it must be regarded as an ac-
tion for false imprisonment, with the averment of some
other matters by way of aggravation.   In an action for
false imprisonment, it need not be averred in the com-
plaint that the matter complained of was wrongful, or
unlawful, or malicious, or without probable cause.   *Colter*
v. *Lower*, 35 Ind. 285, and *Boaz* v. *Tate*, 43 Ind. 60.

In our opinion, therefore, no error was committed by
the court below, in overruling either the demurrers to the
complaint, or the motion in arrest of judgment.

The second error assigned was the decision of the court
below, in overruling the appellant's motion for a new
trial.   In this motion, the following causes were assigned
for such new trial :

" 1st.   Because the verdict of the jury is contrary to
the evidence ;

" 2d.   Because the verdict of the jury is contrary to
law ;

" 3d.   Because the verdict of the jury is not supported
by the evidence ;

" 4th.   Because the damages assessed by the jury are
excessive ;

" 5th. ᐧ For error of law committed by the court, in
giving instructions Nos. 1, 2 and 3 ; and,

" 6th.   For error of law committed by the court, in fail-
ing and refusing to give the jury instructions in writing
Nos. 4, 5 and 6, asked for by the defendant, to which the
defendant at the time excepted."

Construing the appellees' complaint as we do, as stating
a cause of action for false imprisonment only, and not for
malicious arrest or for malicious prosecution, it is very
clear, we think, that the verdict of the jury against the
appellant was not sustained by any sufficient evidence.  ᐧ

On the trial of this cause in the court below, the appellee Mary E Sheets testified as a witness in her own behalf. We set out a part of her evidence, for the purpose of showing the appellant's connection with the matter complained of, as follows:

"Hill Davis and Robert Todd rode up beside the wagon and told us to stop; they went and hitched their horses, and got upon the double-trees and commenced reading a search-warrant, and read so slow that I got tired of waiting, and told them to go on and search; they searched the wagon; I told them to look through it."

The only reference to the appellant, in her evidence, was made in her cross-examination, as follows:

"Defendant Ben. Carey was there part of the time, assisting in the search of my wagon."

The evidence on the trial utterly failed to show, that the appellant was in any manner connected with the arrest, imprisonment or detention of the appellee Mary E. Sheets, except in this, that he made and filed with a justice of the peace the affidavit on which the search-warrant was issued, under which the constable, Hill Davis, acted, in searching her wagon. Of course, if the appellant acted maliciously and without probable cause in the institution of the proceeding for the search-warrant, he would have been liable to the appellee Mary E. Sheets, in an action for malicious prosecution. But this, as we have seen, was an action for false imprisonment, and not for a malicious prosecution; and the fact that he made and filed said affidavit for a search-warrant would not, of itself, subject him to any liability for the acts of the constable under said warrant.

The court gave the following instruction to the jury trying the cause:

"3d. And as to the defendants Benjamin Carey and Isaac Carey, if they, or if either of them, without having probable cause for believing that said stolen goods were concealed in or about the plaintiffs' wagon, procured an

affidavit to be filed for the purpose of securing the issuing of a search-warrant, whereby said search was made and said alleged trespass was committed, your finding should be against them, if they so procured such search-warrant to be issued, or against either of them so procuring the the same, although you may find the defendant Davis not guilty."

This instruction was manifestly erroneous, if for no other reason than that it was in no wise applicable to the case made by the appellees' complaint, and was well calculated to mislead and confuse the minds of the jury, and, for this reason, to work injustice to the appellant.

It is very clear, we think, that the court below erred in overruling the appellant's motion for a new trial.

The judgment is reversed, at the appellees' costs, and the cause is remanded for a new trial.