**Kevin HEBAN and Norbert A. Heban, III, Plaintiffs,**

v.

**BFD, INC. d/b/a O'Sullivan's Italian Pub, Defendant.**

Civ. No. F 84–328.

United States District Court,
N.D. Indiana,
Fort Wayne Division.

Nov. 18, 1985.

Warren W. Wyneken; Wyneken & Kern, Fort Wayne, Ind., for plaintiffs.

Michael C. Cook and Julie L. Michaelis; Wooden, McLaughlin & Sterner, Indianapolis, Ind., Daniel K. Leininger; Burt, Blee, Hawk & Sutton, Fort Wayne, Ind., for defendant.

## ORDER

WILLIAM C. LEE, District Judge.

This matter is before the court regarding the Motion in Limine filed by defendant BFD, Inc. on October 28, 1985, with particular reference to paragraph 4 of said motion which was taken under advisement at the time of the hearing on said motion held on October 29, 1985. On November 1, 1985, plaintiffs filed their response to paragraph 4 of defendant's said motion in limine. On November 13, 1985, defendant filed its reply to plaintiff's said response to its motion in limine.

By paragraph 4 of its motion, defendant seeks to preclude plaintiffs from introducing evidence that they were "subjected to any abuses, mistreatment, inconvenience, or other injurious acts during their incarceration subsequent to the incident in question or any evidence as to the substance, kind, nature or description of any such alleged abuses, mistreatment, inconvenience or other injurious action."

In *Duckwall v. Davis*, 194 Ind. 670, 142 N.E. 113 (1924), the Indiana Supreme Court reversed the trial court's judgment on a jury verdict in a malicious prosecution action on the grounds that the trial court had improperly instructed the jury that they could consider the "discomfort inflicted on his person" in the "humiliation endured by him while under arrest" in awarding damages. *Id.* at 114. The court stated that in the absence of a showing that the defendant procured or induced the officers to mistreat the plaintiff, or had reason to anticipate that the plaintiff would suffer from violations of law on the part of the officers, the plaintiff's treatment while in custody was not a proper element of damages.

> While one who institutes a prosecution maliciously and without probable cause is clearly liable for all consequences of his act which may be expected in the ordinary course to result therefrom, he is not bound to anticipate that sworn officers of the law will be guilty of criminal offenses in violation of their official duty while the person so prosecuted is in their custody.

*Id.* at 117.

The Indiana Supreme Court's opinion in *Boaz v. Tate,* 43 Ind. 60 (1873), also support the defendant's position. The court in *Boaz* reversed the judgment of the trial court entered on the jury's verdict for the plaintiff in an action for malicious prosecution and false arrest. One of the issues addressed by the court was the liability of the arresting officers and the jailer for each other's wrongful acts. The court stated:

> If there was a conspiracy between them or any two of them, each of them engaged in the conspiracy is liable for the acts of the other, done in pursuance of the conspiracy. So each is liable for acts in which he participated. If the police

officers arrested the appellee and brought him to the jail, and then delivered him to the jailer as a prisoner, informing him of the arrest for a criminal offence [sic] committed in their view, by receiving him as a jailer, he did not thereby become liable for their prior wrongful or oppressive acts. And if the jailer unnecessarily put him into a filthy place, or otherwise thereafter, whilst holding him in custody, exceeded his authority, the police officers did not become liable with the jailer, unless they advised or in some manner participated in such oppression or excess of authority.

*Id.* at 73–74.

The plaintiffs contend that the decision of the Indiana Court of Appeals in *Matovina v. Hult,* 125 Ind.App. 236, 123 N.E.2d 893 (1955), also cited by this court at the hearing on October 29, 1985, supports the position that damages for the alleged mistreatment of the plaintiffs during their incarceration are recoverable. To the contrary, the court's decision in *Matovina* is consistent with the Indiana Supreme Court's decisions in *Boaz* and *Duckwall* and supports defendant's position.

In *Matovina,* the court affirmed the trial court's judgment entered on the jury's verdict against the defendant in an action for false imprisonment. The primary issue addressed by the court was whether the statute of limitations began to run at the time the defendants, Gary police officers, transferred the plaintiff's custody, after holding him for five days without a warrant or affidavit, to the Sheriff at the Crown Point jail. The court held the statute did not begin to run until the plaintiff was released by the Sheriff of Crown Point. The court stated:

The law seems to be well established that, as a general rule, all those who, by direct act or indirect procurement, personally participate in or proximately cause the unlawful restraint or detention are liable therefor as joint tort-feasors, jointly and severally, regardless of the degree or extent of the individual activities, and each is so liable although he did not know that the detention was illegal in its inception.

*Id.* 123 N.E.2d at 898.

The plaintiffs contend that the above quoted general rule was stated by the court in support of its holding concerning the award of damages for the mistreatment suffered by the plaintiff while incarcerated in Gary. However, as it appears in the opinion, the rule was stated in support of the court's holding concerning the statute of limitations.

The court did not directly address the issue of whether the damages were recoverable.

Indeed, it does not appear from the *Matovina* court's opinion that the defendants argued on appeal that damages were not recoverable based on *Duckwell* or otherwise. Obviously, if no assertion of error was based on the fact that such damages were awarded, the *Matovina* court would have no occasion to rule on the issue defendant here raises. The *Matovina* court considered only whether the damages awarded by the jury were excessive and held that they were sustained by sufficient evidence. The evidence cited by the court included proof of the mistreatment of the plaintiff by the defendants. The award of damages in *Matovina* was proper under the Indiana Supreme Court's decisions in *Boaz* and *Duckwell,* because the plaintiff *proved* that the *defendants participated* in the abuses he suffered while being held in the Gary jail.

The plaintiffs contend that the Indiana Court of Appeals adopted the statement by the court in *Matovina* concerning the plaintiff's recovery of damages in *Brickman v. Robertson Brothers Department Store,* 136 Ind.App. 467, 202 N.E.2d 583 (1964). The court in *Brickman* did cite *Matovina* for the general rule that " 'all those who, by direct act or indirect procurement, personally participate in or proximately cause

the unlawful restraint or detention are liable therefor as joint tort-feasors, jointly and severally, regardless of the degree or extent of the individual activity, and each is so liable, although he did not know that the detention was illegal at the inception.' " *Id.* at 586. However, the decision in *Brickman* did not involve an action for false imprisonment in which the plaintiff was arrested or incarcerated, and certainly did not involve any alleged mistreatment while the plaintiff was being held in jail.

It is clear to this court that in light of the above discussion, the plaintiffs in this action would not be able to recover against this defendant for any claimed damages resulting from abuse or mistreatment while incarcerated absent a showing that the defendant procured or induced the mistreatment or had reason to anticipate that the plaintiffs would suffer from mistreatment at the hands of their jailers. Absent such a showing, any such evidence would be highly prejudicial to the defendant and, having no probative value, should be excluded.

Accordingly, defendant's motion in limine filed October 28, 1985, is GRANTED with respect to paragraph number 4. With respect to the matters set forth in said paragraph, the plaintiffs shall (a) refrain from making any motion or interrogation or other statement, whether in voir dire examination, opening statements, or in eliciting answers from witnesses, directly or indirectly, in any manner whatsoever, or from offering any exhibits for introduction into evidence, concerning any of the matters set forth in said paragraph, without first approaching the bench and obtaining a ruling from the court outside the presence and hearing of the prospective jurors and jurors ultimately selected in this case and (b) advise any and all witnesses which plaintiffs' counsel intends to call or calls to testify on plaintiffs' behalf of the court's ruling with respect to this motion.

1. Since the Court's prior decision, it appears that News Group Publications, Inc. remains the