May Term, 1823.

USHER
v.
WHITINGER.

(1) Vide *Leonard* v. *Bates*, ante, p. 172, and notes.

(2) Acc. *Luderig* v. *Croll*, 2 Yeates, 464.—*Carnes* v. *Field*, Ibid: 541.

## USHER *v.* WHITINGER.

In an action for a malicious prosecution, the declaration alleged that the plaintiff had been arrested on a charge made by the defendant of stealing his goods. The defendant's affidavit before the magistrate did not state to whom the goods stolen belonged. *Held*, that the variance was not sufficient to exclude the affidavit as evidence.

*Tuesday, May 13.*

ERROR to the *Wayne* Circuit Court.—This was an action on the case for a malicious prosecution. The declaration contained two counts. The first alleged that the defendant had falsely, &c. before *I. Esleb*, a magistrate, &c. charged the plaintiff with having stolen out of the defendant's mill seven bushels and a half of the defendant's wheat; and had procured the magistrate to issue his warrant, &c. The second count stated that the defendant had falsely, &c. charged the plaintiff, &c. with larceny, and on, &c. procured him to be arrested, &c. Plea, not guilty. At the trial, the plaintiff offered in evidence the affidavit made by the defendant before the magistrate, charging the plaintiff with having stolen the wheat out of the defendant's mill; but it did not state to whom the wheat belonged. The defendant objected to the affidavit as evidence, on the ground of a variance between it and the declaration; as the one stated to whom the wheat belonged, and the other did not. The Circuit Court sustained the objection. Verdict and judgment for the defendant.

Scott, J.—This affidavit was good evidence to show, that the defendant instituted the prosecution and procured the arrest; and, for this purpose, it ought to have been admitted (1).

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs. Cause remanded for further proceedings.

*Test* and *Rariden*, for the plaintiff.

*Caswell*, for the defendant.

(1) The substance of the affidavit need only be stated in the declaration. Thus, where the declaration averred that the defendant had charged the plaintiff with felony; and the information before the magistrate alleged that

certain goods had been stolen from the defendant, and that he *suspected* and *believed*, and had good reason to *suspect* and *believe*, that the plaintiff had stolen them; it was held, *Bayley*, J. dissentiente, that the information supported the averment. *Davis* v. *Noak*, 1 Stark. R. 377. But an averment that larceny had been charged, is not supported by proving a charge to have been made, amounting only to a tortious conversion; *Leigh* v. *Webb*, 3 Esp. R. 165; nor by the production of an affidavit, alleging only a concealing of the goods. *M'Neely* v. *Driskill*, *May* term, 1829, post. Vide 2 Phill. Ev. 114, 115.—2 Stark. Ev. 908, 9.