May Term,
1833.

TURPIN
v.
REMY.

---

## TURPIN v. REMY.

In an action for maliciously prosecuting the plaintiff for a criminal offence, the affidavit on which the warrant for the arrest issued, is admissible evidence for the plaintiff, if it authorised the warrant.

The declaration, in such a case, need not aver that the charge was made under oath; but it ought to state the offence for which the plaintiff was prosecuted, by the name or description given to it by law.

A defendant cannot ask the Court, under the statute, to instruct the jury to disregard a count in the declaration on account of its being defective, if the defect would be cured by a general verdict for the plaintiff.

An action of malicious prosecution can only be supported, in cases where the prosecution was under the regular process and proceedings of some judicial officer or tribunal: if the proceedings complained of were extra-judicial, the remedy is trespass.

ERROR to the *Marion* Circuit Court.

STEVENS, J.—*Remy* declared against *Turpin*, in the *Marion* Circuit Court, in an action on the case for a malicious prosecution. The declaration contains two counts. The first count alleges that *Turpin* falsely, &c., in the. county of *Boone* in this state, before one *John M. Bay*, a justice of the peace of said county of *Boone*, charged *Remy* with having sworn false, with respect to a certain piece of counterfeit money, which *Remy* sometime before swore before the same justice of the peace, that he, said *Remy*, received of and from the said *Turpin*, and, upon such charge, falsely, &c. procured the said justice of the peace to issue his warrant, &c. The second count alleges, that the said *Turpin* further contriving and maliciously intending, &c. at the aforesaid county of *Boone*, charged the said *Remy* with having sworn false, and upon that charge falsely, &c. procured said *Remy* to be arrested by his body and imprisoned, &c. for seven days, &c., at the expiration of which time he the said *Remy* was duly discharged, &c. The defendant pleaded a general plea of not guilty to the whole declaration, upon which issue was joined. That issue was tried by a jury, who found a general verdict for the plaintiff and assessed entire damages. Motions were made by the defendant in arrest of judgment and for a new trial, which were severally overruled and final judgment rendered.

It appears of record by a bill of exceptions, that the defendant moved the Court separately, on each count of the declaration, to charge the jury that it was "faulty," and should be disregarded; but those motions were severally overruled. The affidavit charging *Remy* with having sworn false, and the warrant of the justice of the peace which issued thereon, and which are mentioned in the first count of the declaration, are also spread upon the record by a bill of exceptions; and it further appears by the bill, that both the affidavit and warrant were objected to by the defendant as evidence in the cause, but that the objections were overruled.

The plaintiff in error contends, that this affidavit charging *Remy* with having sworn falsely, which is mentioned in the first count of the declaration, and upon which the warrant of the justice of the peace issued, contains no charge of any criminal offence, and is, therefore, insufficient to support an action for a malicious prosecution. This affidavit is not very aptly drawn,

May Term, 1833.

TURPIN
v.
REMY.

*Wednesday,*
*May* 29.

nor does it, in technical law language, contain a legal description of the crime of perjury; but yet it contains a sufficiency to authorise the justice of the peace to issue his warrant. It states, among other things, that *Remy* did swear false with respect to a certain counterfeit piece of money, which the said *Remy* swore before the said *John M. Bay*, the above-named justice of the peace, he did sometime before receive of the said *Turpin*, &c. We have two distinct enactments respecting perjury. The first is respecting oaths in judicial proceedings, and other matters in which an oath is required by law. The other is respecting voluntary oaths. It enacts that any person who shall wilfully, corruptly, and falsely, before any justice of the peace, &c. under oath, &c. make any false certificate, affidavit, or statement, of any nature, for any purpose whatever, shall be deemed guilty of perjury, &c. Under this last enactment, such swearing as is described in this affidavit, if false, is perjury. It is true that the words wilfully and corruptly are omitted, but there is enough stated to authorise the justice of the peace to issue his warrant; and if he were legally authorised to issue his warrant, the proceedings are sufficiently legal to be the foundation of an action for a malicious prosecution. The affidavit must impute the guilt of a criminal offence, or it will not sustain the action. *Leigh* v. *Webb*, 3 Esp. Rep. 165.—*M'Neely* v. *Driskill*, May term, 1829.—Note to *Usher* v. *Whitinger*, 1 Blackf. 250. But it is not absolutely necessary that the charge should in all things, technically, in law language, legally describe the offence charged; for an action for a malicious prosecution may be supported for the malicious prosecution of a defective indictment. 6 Maule & Selw. 29.

The next error assigned is, that both counts of the declaration are materially defective.

To the first count two objections are raised,—1st, that the charge made by the defendant below against the plaintiff, on which the justice of the peace issued his warrant, was not sworn to as required by the 8th section of the bill of rights in the constitution of the state; 2dly, that the charge as described in that count, is not a criminal offence.

As to the first objection to the first count of the declaration, it is not well taken. The bill of rights in our constitution, does not make any new law on that subject; it only compels a compliance with what was the law both in *England* and *America*,

and hence it does not change the established form of pleading.
Undoubtedly, the declaration might have stated in terms that
the charge was made under oath, and it might be best to do so,
as it would save any question about it; but it is not essentially
necessary.

The other objection is of a very different character. It requires
a more serious consideration. This count is certainly, in many
particulars, not very technically drawn. It does not clearly
appear, that the defendant charged the plaintiff with any crim-
inal offence. In actions of this kind, the declaration ought to
aver in plain terms that the defendant charged the plaintiff
with some criminal offence, by the name or description given
to it by law, and not merely state the acts of the defendant by
which he made the charge, without drawing any legal conclu-
sion from those facts. In this case the defendant charged the
plaintiff with perjury, and the declaration should have averred
that fact, by the legal name or the legal description of that
offence. Whether the affidavit which the defendant made
amounted to a charge of perjury, was entirely a matter of
evidence. If the declaration did contain the averment that
the defendant charged the plaintiff with the crime of perjury,
by setting out its legal name or its legal description, we should
have no hesitation in saying that the affidavit produced sustained
the declaration, although the offence is defectively described in
the affidavit. It is a general rule, which can seldom be safely
departed from, that facts essential to the right of the action
must be expressly and substantially alleged. The stating of
the evidence of the fact is not sufficient. The fact itself should
be stated; otherwise the allegation presents no subject to which
the law can be applied. The established rule in all civil
pleadings is, that all things must be pleaded according to their
legal effect, that is, they must be stated or described as they
operate or take effect in law; although such statement or de-
scription should literally vary in form from the shape of the
evidence.

It is insisted by the defendant in error, that, after the trial of
an issue on the plea of not guilty by a jury, the verdict cures
such defects as these. This position as a general doctrine, the
plaintiff in error admits, but contends that it is not applicable
to this case. He says that by the 46th section of the statute
regulating the practice of law, it is enacted, that when there

are several counts, one of which is faulty, and entire damages are given, the verdict shall be good, but the defendant may apply to the Court to instruct the jury to disregard such faulty count; and that it appears of record by his bill of exceptions, that in this case he did move the Court so to instruct the jury as to this count, but that the Court overruled that motion, to which he excepted; and that that exception saves to him the benefit of that motion in this Court, unprejudiced by the verdict of the jury.

That the plaintiff in error is entitled to the full benefit of his motion, unprejudiced by the verdict of the jury, there is no doubt. But there may perhaps be some doubt, as to what defects and insufficiencies the legislature intended the statute to extend. The language is general, and there is no intimation as to the precise meaning intended to be given to the word "faulty." To arrive at a fair interpretation of the intention of the legislature, we must see how the law would stand if that statute had never been enacted. The general rule of law is, that where there are good and defective counts in the declaration, and the jury, upon a plea to the whole declaration, find a general verdict for the plaintiff and assess entire damages, the defendant may arrest the judgment. The object then must have been, to prevent an arrest of judgment after a general verdict, in all cases, if there were one good count in the declaration. But as such a sweeping *cure-all* might frequently, in practice; do great injustice to the defendant, the latter part of the section was added, authorising him to have those counts of the declaration, which were so defective as to authorise an arrest of judgment after verdict, rejected.

It seems then, that this motion is confined to such insufficiencies and defects as would authorise an arrest of judgment in such cases, if the statute did not exist. The inquiry then is, what defects are a sufficient ground for arresting judgment after a general verdict? Upon common law principles, aided as they now are by the general statutes of *jeofails*, all formal defects and errors in the record, as well as many which have formerly been deemed substantial, are cured by verdict; but defects which would render a judgment erroneous, are still a sufficient ground for arresting. The criterion by which to distinguish between such defects in a declaration as are, and such as are not, cured by a general verdict for the plaintiff, is laid down

by Lord *Mansfield* in the case of *Rushton* v. *Aspenwall*, 2 Doug. 679, to the following effect:—where the statement of the plaintiff's cause of action, and that only, is defective or inaccurate, the defect is cured by a general verdict in his favour; because, to entitle him to recover, all circumstances necessary, in form or substance, to complete the title so imperfectly stated, must be proved at the trial; and it is, therefore, a fair presumption that they were proved. But where no cause of action is stated, the omission is not cured by verdict; for as no right of recovery could be legally proved under such a declaration, there can be no ground for presuming that it was proved; or in other words, no fact not alleged, can be presumed in support of a verdict, unless proof of its existence must have been involved in or inferable from the proof of those which are alleged. *Spiers* v. *Parker*, 2 Doug. 682, n. If then the declaration is defective in substance, as to the alleged cause of action itself, as in an action of slander for calling the plaintiff a jew; or as in assumpsit if the declaration alleges no consideration; or as in an action by a master for a battery committed upon his servant, if the declaration omits to allege loss of service; or as in an action for an injury done by the defendant's dog, to the person or goods of the plaintiff, and the declaration omits the *scienter;* and in all other cases, when any substantial fact is omitted which is essential to a right of action, and it is not implied or inferable from those facts which are alleged, a verdict for the plaintiff will not entitle him to recover.

If this view of the case be correct, and of that perhaps there is no doubt, we think that the first count of the declaration would be good upon a motion in arrest of judgment, after a general verdict for the plaintiff, and therefore the Court acted correctly in overruling the motion to disregard it.

To the second count five objections are raised,—1. that the charge made by the defendant below against the plaintiff, on which he was arrested as described in the second count, is not a criminal offence; 2. it does not appear that the charge was made under oath; 3. it does not appear that the charge was made to a justice of the peace, or any other judicial officer or tribunal; 4. it does not appear that the plaintiff was arrested or held in prison by legal process, or in pursuance of law in any way, or by any civil officer of the law; 5. nor does it appear that the plaintiff was tried or discharged, by any judicial officer

or tribunal. These objections are all strictly true, and some of them are certainly well taken. This count omits some of the substantive facts, which are essential to the right of this action, and which cannot be implied or inferred from those alleged; and the Circuit Court should have instructed the jury to disregard it. An action for a malicious prosecution, can only be supported for the malicious prosecution of some legal proceeding, before some judical officer or tribunal. If the proceedings complained of are extra-judicial, the remedy is trespass, and not an action on the case for a malicious prosecution.

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs. Cause remanded, &c.

*W. W. Wick* and *W. Quarles,* for the plaintiff.

*C. Fletcher* and *H. Brown,* for the defendant.