IN THE

## SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1838, IN THE TWENTY-SECOND
YEAR OF THE STATE.

---

### OFFUTT v. EARLYWINE.

An action of slander lies here for words spoken in another state, charging the plaintiff with being guilty of larceny.

If the defendant in such action plead in justification that the words are true, he cannot sustain his plea without proof, to the satisfaction of the jury, that the plaintiff was guilty of the offence charged.

*Monday, May, 28.*

ERROR to the *Rush* Circuit Court.

SULLIVAN, J.—The defendant in error brought his action of slander against the plaintiff in error in the *Rush* Circuit Court. The declaration alleges that the defendant below charged the plaintiff with stealing a horse. The defendant pleaded the general issue, and a special plea of justification, averring that on, &c., at, &c., in the state of *Kentucky* the said *Earlywine* did feloniously steal, take, and ride away one sorrel horse, the property of *Edward Linville*. Issue on the first plea, and the general replication *de injuria*, &c. to the second. The cause was tried by a jury. Verdict and judgment for the plaintiff below.

During the progress of the trial, the plaintiff below intro-<br>duced a witness by whom he offered to prove, that the de-<br>fendant had spoken the slanderous words in the declaration<br>mentioned, in the state of *Kentucky,* to which the ·defendant<br>objected, unless he would first prove that some of the words<br>laid in the declaration, were spoken in the county of *Rush.*<br>The Court overruled the objection and admitted the testimony.<br>After the testimony was closed, the defendant moved the<br>Court to instruct the jury, that if, from the evidence, they be-<br>lieved that it was "just as probable" that the plaintiff stole the<br>horse named in defendant's plea of justification, as that he did<br>not, they should find for the defendant. This instruction the<br>Court refused to give, but instructed the jury that they should<br>weigh the testimony, and if it were more probable from the<br>evidence that *Earlywine* stole the horse named in said plea<br>than that he did not, they should consider the plea sustained,<br>and find for the defendant. The plaintiff then moved the<br>Court to instruct the jury, that under the plea of justification,<br>the defendant must prove that the plaintiff took the horse<br>named in the plea, with a felonious intent. This instruction<br>the Court gave, to which opinion of the Court in giving the<br>last-named instruction, and refusing the former, the defendant<br>excepted.

The special errors assigned are, 1st, The Court erred in per-<br>mitting evidence to be given of words spoken in the state of<br>*Kentucky,* no evidence of words spoken elsewhere having been<br>proved; 2dly, The Court erred in refusing the instructions<br>asked by the defendant, and in giving the instruction asked by<br>the plaintiff.

The words charged in the declaration, and proved to have<br>been spoken, are actionable at common law. At the time they<br>were spoken, the plaintiff below had a right of action against<br>the defendant in the state of *Kentucky,* and the removal of the<br>parties to this state did not divest that right. The action is<br>transitory, and the defendant's liability follows him wherever<br>he goes. This point was expressly settled in the case of *Stout*<br>v. *Wood,* 1 Blackf. 71. In that case this Court held, that slan-<br>derous words, actionable at common law, spoken in another<br>state, will support an action here. It is not necessary that<br>there should be proof of the speaking of the same or other

May Term, 1838.

OFFUTT
v.
EARLYWINE.

slanderous words within the county, to give the Court jurisdiction.

In the instructions given by the Court to the jury on the application of the defendant, we see no error of which the defendant can complain. Proof that would raise a suspicion or probability merely of the plaintiff's guilt, would. not be sufficient to sustain the defendant's second plea. The jury should be satisfied by proof, that the plaintiff was guilty of the offence set out in that plea, and it is their province on hearing the testimony to weigh it and decide upon it. The Court ought so to have instructed the jury; and if either party is aggrieved by the instruction given, it is the plaintiff and not the defendant. Nor do we think the Court erred in instructing the jury, that under the plea of justification the defendant must prove, that the plaintiff took the horse named in the plea with a felonious intent. The plea admits the speaking of the words, but justifies it because the plaintiff was guilty of the theft charged against him. The felonious intent is the gist of the offence: it is the very issue made by the plea. The defendant maintains that he had a right to speak the words laid in the declaration, because the plaintiff did feloniously steal, take, and carry away the property therein named. If the taking was not felonious, it was but a trespass, and would be no justification for speaking the words; if felonious, it is the ground of a good defence to the action, and the defendant having placed his defence on that point should prove it.

In an action of slander for charging the plaintiff with perjury, it was held, on a plea of justification, that the plea must be sustained by two witnesses, or one witness and strong corroborating circumstances. 6 Cow. Rep. 118. So, in another case for words charging the plaintiff with perjury, it was held by this Court that the defendant, to support his plea of justification, was bound to show that the plaintiff had sworn false on the trial to a matter material to the issue. If the matter sworn to was immaterial, there was no perjury, and the charge was without foundation. M'Glemery v. Keller, 3 Blackf. 488. If in an action for calling the plaintiff a thief, the defendant should justify because the plaintiff had stolen apples from the trees in his orchard, it is clear that the defence would be insufficient, because the words import a charge of trespass only, and not larceny.

These cases are cited to show, that a crime charged against another by a plea of justification in slander, requires the same *kind* of proof to maintain it, that is necessary to convict him of the crime. Whether the same *strength* of evidence is required, we are not now called upon to decide.

*Per Curiam.*—The judgment is affirmed with costs. To be certified, &c.

C. B. *Smith* and C. H. *Test*, for the plaintiff.

J. S. *Newman* and D. *Kilgore*, for the defendant.