Dewey, J.
This was an action for a malicious prosecution. The declaration charges that the defendant, “on, &c., at, &c., appeared before one George, Miller, Esquire, then and there being a justice of the peace in and for said county, and authorized to keep the peace within the same, and to hear, &c.; and then and there before the said George Miller, being such justice as aforesaid, falsely and maliciously, and without any reasonable or probable cause whatever, charged the said plaintiff with having wilfully and maliciously, on, &c., at, &c., set on fire and burnt a certain district school house, in district number four, in Franklin township, in said county; and upon such charge, made in writing, and .sworn to before the said George Miller, as such justice,” &c. The .defendant demurred specially, assigning for cause that the plaintiff, “hath not alleged that the said defendant charged the said plaintiff, before the said justice Miller, Avith committing any offense by the legal name and description of that offense.” The Court sustained the demurrer, and rendered final judgment for the defendant.
We see no ground on Avhich this decision can be sustained. It is supposed by the appellee that Turpin v. Remy, 3 Blackf., 210, sanctions it. The doctrine there established relative to this question, is, that in actions of this kind the declaration *should state the offense imputed to the plaintiff by its technical name, or by its legal description. Arson consists in “wilfully and maliciously” burning certain enumerated buildings. R. S., 1838, p. 210. This then is.its legal description; and this description in reference to a school house is contained in the declaration. School houses arc among the buildings specified by the statute; and if it be admitted that publie school houses are meant, the statement in the declaration, “ district school-house,” &c., fully satisfies that meaning: such a school house is á public one. The demurrer should have been overruled.
T. A. Howard, for the appellant.
E. W. McGaughey for the appellee.
Per Curiam.—The judgment is reversed with costs. Cause remanded, &c.