## LANSING *v.* COATS.

The time given by a court, for the filing of a bill of exceptions, should be definite and reasonable.

It is doubtful whether time given "until the next term of the Court," is sufficiently definite.

APPEAL from the *DeKalb* Common Pleas.

DAVISON, J.—This was an action by *Coats*, the assignee of a promissory note against *Lansing*, the assignor. The note bears date *August* the 10th, 1859; is for the payment of 90 dollars; was executed by *Smith & Seely*, payable to *Lansing*, and was by him assigned to *Coats*. Upon the issues there was a verdict for the plaintiff. Motion for a new trial denied; and judgment, &c.

The only point made in the appellant's brief relates to the insufficiency of the evidence to sustain the verdict. In the

Lansing *v.* Coats.

transcript before us there is a copy of what purports to be a bill of exceptions, which professes to contain all the evidence, &c., but the appellee contends that the bill thus in the transcript was not regularly filed, and is not, therefore, a part of the record. This case, it appears, was tried at the *April* term, 1860, when the defendant prayed an appeal, and asked until the next term to file a bill of exceptions, which was granted. It also appears that, at the next term, viz: the *August* term. 1860, bail, to the acceptance of the Court, for the appeal, was offered, "and the time allowed by law for the filing of the bond and bill of exceptions was given, and thereupon the defendant filed the required bond;" and further, it appears, that the bill of exceptions in question was not filed until the *January* term, 1861. The statute says: "The party objecting to the decision must except at the time the decision is made; but time may be given to reduce the exception to writing, but not beyond the term, unless by special leave of the Court. 2 R. S. p. 115, sec. 342. Under this statute the time fixed by the Court for the filing of the bill of exceptions should be definite and reasonable. 12 Ind. 380; 10 *id.* 562. And it is even doubtful whether time given, "until the next term of the Court," is sufficiently definite. In this case, however, it is very clear that the defendant had no right, after the *August* term, 1860, to file his bill of exceptions. Here it was not filed until the *January* term, 1861, and does not, therefore, constitute any part of the record. The evidence thus not being in the record, the point of error relied on for a reversal is not properly before us.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*T. R. Dickerson,* for appellant.

*William A. Peelle,* for appellee.