Stancliff *v.* Palmeter.

*E. A. Greenlee*, for the appellants.

⁂

STANCLIFF *v.* PALMETER.

Actions for malicious prosecutions generally rest upon the facts of a prosecution ended, malice in the person prosecuting, and want of probable cause for the prosecution.

The malice of the prosecutor, and the disgrace, vexation, expense and damages of the prosecuted, are not measured by the sufficiency or insufficiency of the charge on which the prosecution is instituted.

The action for malicious prosecution may be founded upon an indictment on which no acquittal can be had, by reason of its rejection by the grand jury, or its being *coram non judice*, or its defective form.

APPEAL from the *Noble* Circuit Court.

PERKINS, J.—Action for a malicious prosecution. Demurrer to the complaint sustained; final judgment for the defendant.

The complaint is as follows:

WILLIAM D. STANCLIFF, } In the *Noble* Circuit Court, *October*
    *v.* }     term, 1859.
JUDSON PALMETER. }

The plaintiff says:

"The defendant, on the 23d day of *February*, 1859, at the

Stancliff *v.* Palmeter.

county of *Noble*, State of *Indiana*, falsely and maliciously, and without any reasonable or probable cause whatever, charged the plaintiff before *Reginald H. Hall*, a *United States* Commissioner for the District of *Indiana*, with having committed a certain offence against the laws of the *United States* relating to the government of the post office in the *United States*, viz: the taking from the post office a letter belonging to said defendant, containing an article of value, and opening the same; and upon said charge the defendant then and there caused and procured the said plaintiff to be arrested by his body, on a warrant issued by said Commissioner, on said charge of the defendant, and to be imprisoned, and kept and detained in prison for the space of one day, and then to be taken, in the custody of the Deputy Marshal of the *United States*, for the District of *Indiana*, to *Indianapolis*, and before said Commissioner *Hall*, by and before whom the said plaintiff was duly discharged and fully acquitted of the said offence, on, &c.

"By means of the premises, the plaintiff is injured in reputation; has suffered anxiety and pain of body and mind; was obliged to, and has expended, the sum of 500 dollars in procuring his discharge and defending himself in the premises; has been hindered from transacting his business for the space of one month, and is otherwise greatly injured; to his damage of 1,500 dollars.      J. M. FLAGG, Plaintiff's Att'y.

The demurrer to the complaint was sustained because the Court held that it did not show that the plaintiff was arrested upon a criminal charge. We shall express no opinion upon the question of fact involved in the decision of the Court, viz: that the complaint failed to charge a criminal act. There are authorities sustaining the principle upon which the Court made its ruling, and one case in this Court certainly favors it. *McNeely* v. *Driskell*, 2 Blackf. 259; see, also, *Thispin* v. *Remy*, 3 *id.* 210.

Stancliff *v.* Palmeter.

But we think the principle unsound. Says *Mr. Sedgwick*, in his work on damages, p. 96, "Under the Roman law the successful party was not restricted to a suit for malicious prosecution, and the party justly chargeable with making a totally ungrounded claim or defence, was punished by a pronunciary mulct. And this, at one time, seems to have been adopted into the jurisprudence of modern Europe. *Francis the First*, by his ordinance of 1539, art. 88, authorized the judge to inflict damages proportioned to the temerity of the losing party. And so, too, in *England*, originally it seems that the plaintiff in all cases of unsuccessful litigation, might be amerced *pro falso clamore*, and the amerciament was assessed by the Court or its officers. This power, however, no longer exists, and in cases of contract no redress is given beyond the taxable costs. Even in cases the most frivolous and vexatious, in no case is any independent redress given, that is, by a recriminatory action, unless the first suit or proceeding be malicious. Malice and want of probable cause must concur. This principle is vigorously applied to counsel fees in all cases of contract, and without discrimination to both parties to the litigation." See *Ibid* as to when counsel fees are allowed as damages.

The actions now maintainable for redress of personal injuries inflicted through the instrumentality of illegal prosecutions, are, at least, of a three fold character:

1. There are the actions of trespass and case according to the circumstances, for arresting, and causing to be arrested, persons on void judicial process, or without any process. These actions are generally called actions for false imprisonment, and are founded on want of authority and not on malice, and mostly grow out of arrests on alleged criminal charges. See Ind. Dig. p. 20; 1 Hilliard on Tort, chap. 25, p. 207.

2. Actions for malicious arrests, in civil cases, on affidavits

Stancliff *v.* Palmeter.

for holding to bail. These affidavits and arrests, where the law allows imprisonment for debt, do not necessarily involve a charge of crime, and may not effect one's reputation for integrity. 1 Hilliard on Tort, 1st ed., p. 231, sec. 22; 3 Philips' Ev., p. 574.

3. Actions proper, for malicious prosecutions. These actions are brought against the persons who instituted the prosecutions, and rest upon the facts of prosecutions ended, malice in the persons prosecuting, want of probable cause for the prosecutions and damages. 3 Philips' Ev., p. 567; 2 Greenl. Ev. 1 ed. p. 364; 1 Starkie on Slander, p. 445; 2d vol. *id.* p. 67. An action for malicious prosecution is much in the nature of an action for slander; and the malice of the prosecutor, and the disgrace, vexation and expense of the prosecuted, are not measured by the sufficiency or insufficiency of the charge on which the prosecution is instituted. Words are slanderous which cause it to be believed that a person is guilty, &c. It would seem that an actual prosecution would supply the place of *colloquium*, and inuendoes. Blackstone says, B. 3, p. 127: "But an action on the case for a malicious prosecution may be founded upon an indictment whereon no acquittal can be had, as if it be rejected by the grand jury, or be *coram non judice*, or be insufficiently drawn. For it is not the damages of the plaintiff, but the scandal, vexation, and expense, upon which this action is founded." The same doctrine is laid down in Starkie on Slander, vol. 1, pp. 445–6; vol. 2, p. 82. Also in 1 Hilliard on Torts, 1st ed., p. 270, sec. 14; and it is decided in *Collins* v. *Love*, 7 Blackf. 416, and strongly intimated in *Cox* v. *Kilpatrick*, 8 *id.* 37. See, also, 3 Philips' Ev. 568, note 7; *Usher* v. *Whittinger*, 1 Blackf. 250; 2 Chit. Pl. 133; *Morris* v. *Scott*, 21 Wend. 281; 3d Graham & Wat. on New Trials, 1144, note. Such is the ruling in *Louisiana, Boston* v. *Kanvanaugh*, 12 La. Rep. 332; *North Carolina, Smith* v. *Deaver*, 4 Jones' Law Rep. 513; *Kentucky, Hays* v.

*Younglove,* 7 B. Monroe 445; *Connecticut, Stone* v. *Stevens,* 12 Conn. 218.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded for further proceedings.

*J. M. Flagg,* for the appellant.