## FULKERSON *v.* ARMSTRONG ET AL.

BILL OF EXCEPTIONS.—*Affidavit.*—*Record.*—Affidavits for continuance can only become of record by bill of exceptions; and when they are only copied into the transcript as are the other proceedings, they will not be deemed part of the record by the Supreme Court.

SAME.—*Time.*—Where by the record it appears that a certain time was given by the court below, within which to file a bill of exceptions, it is not sufficient that the clerk certify that the filing of the bill was within the time given by the court, but he must certify the date of filing, so that the Supreme Court may determine whether it was within the time given.

APPEAL from the Tipton Common Pleas.

PETTIT, J.—This suit was brought by the appellees on a promissory note for four hundred and seventy-nine dollars and forty-six cents, with a credit endorsed on it of one hundred dollars. The answer was in two paragraphs; first, failure of consideration; second, fraud in procuring the execution of the note. Reply of general denial to both paragraphs.

There was a trial by the court, and finding and judgment for plaintiffs for the amount due on the note.

The only question presented here is the action of the court in overruling a motion for a continuance, as is said, on certain affidavits. These affidavits are not made a part of the record by bill of exceptions, but are only copied into the transcript by the clerk, as all the other proceedings are. The affidavits are no part of the record, unless made so by bill of exceptions, which is not done in this case, and therefore we cannot notice them to determine whether the court erred or not.

At the close of the transcript it is said:

"And sixty days was given in which to file bills of exceptions and to give bond, with Francis Wheatly as surety, and the defendant now tenders this his bill of exceptions, which is within the time allowed by the court.

"Given under my hand and seal, this 23d day of March, 1870.    WILLIAM GARVER,
"Judge of 14th Dist. C. P. C. of T. Co., Ind."

Nothing that precedes this purports to be a bill of exceptions, and this cannot be tortured into one setting out the affidavits; but if it could, while the judge has certified when he signed, the clerk has not informed us when it was filed in his office. This court has repeatedly held, that when time is given to file a bill of exceptions, the clerk must certify or show in the record the date of the filing, that we may know that it was done in time. We cannot say, therefore, that the court erred in refusing a continuance.

The judgment is affirmed, at the costs of the appellant.

*J. Green* and *D. Waugh*, for appellant.

*N. R. Overman*, for appellees.