## THOMAS ET AL. *v.* HUNTER.

BILL OF EXCEPTIONS.—*Time of Filing.*—*Certificate.*—Time was given until the first day of the next term, which began on February 26th, 1872, to file a bill of exceptions. A transcript was certified to the Supreme Court, March 5th, 1872, which purported to be a true and complete transcript of all the proceedings and papers in the case. Later, on application of the appellants, a *certiorari* was awarded, directing the clerk to certify up a bill of exceptions alleged to be on file in his office. The clerk certified a copy of the bill, and said in his certificate, "the original bill of exceptions now on file in my office was filed as of date of February 24th, 1872."

*Held*, that the two certificates were not contradictory, but that taking them together they showed that the bill of exceptions was filed after the 5th of March, and that it was to relate back to the 24th of February.

*Held*, also, that the bill of exceptions was filed too late and formed no part of the record.

MALICIOUS PROSECUTION.—*Pleading.*—A complaint for malicious prosecution charged that the defendants falsely, etc., procured the plaintiff to be indicted and tried on a false charge, by them preferred, of perjury, without setting forth the elements of the crime of perjury.

*Held*, that after verdict the complaint was sufficient, although it set forth the offence with which the plaintiff had been charged by its technical name of "perjury" only.

From the Tippecanoe Common Pleas.

*J. Buchanan,* for appellants.

*J. McCabe,* for appellee.

OSBORN, J.—This was an action for malicious prosecution instituted by the appellee against the appellants. It was commenced in the Warren Common Pleas, and by change of venue removed to Tippecanoe.

The appellants filed separate answers of general denial. Trial by jury; verdict for the plaintiff for one thousand one hundred dollars against both defendants. Separate motions for a new trial and in arrest of judgment were made and overruled, to which rulings exceptions were taken, and final judgment was rendered on the verdict.

The errors assigned are, 1st. In overruling the motion for a new trial; and, 2d. In overruling the motion in arrest of judgment.

The appellee makes the objection, and insists upon it, that the bill of exceptions was not filed within the time allowed by the court.

It was not filed during the term at which the cause was tried and judgment rendered. It appears in the record that time was given to file the bill until the first day of the then next term of the court, which was on the 26th day of February, 1872. The transcript was made out, and the certificate thereto bears date, March 5th, 1872, in which the clerk certifies "it to be a full, true, and complete transcript of and from the record of proceedings had and judgment rendered in the above entitled cause, as the same appears of record on the order book, and from the original papers filed in said court, and now remaining on file in my office." The transcript was filed in this court on the 7th day of the same month, and the appeal submitted on the 29th of May, of the same year. Afterward, a paper purporting to be a bill of exceptions was attached to the transcript, to which was annexed a certificate of the clerk of the Tippecanoe Common Pleas, dated in September, 1872. The certificate stated that the bill was filed as of date of February 24th, 1872.

Objections having been made that the bill of exceptions was not properly before us, the appellants procured a writ of *certiorari* to be issued to the clerk of the court below, directing him to send up the bill of exceptions. In his return to that writ, which is dated December 15th, 1873, the clerk certifies that, in obedience to its command, he sends a copy of a bill of exceptions on file in the case in his office, and in his certificate states, that "the original bill of exceptions now on file in my office was filed as of date February 24th, 1872."

And thus the question is presented, whether it appears affirmatively that the bill of exceptions was filed within the time allowed by the court.

The certificate to the original transcript of March 5th, certified it to be a full, true, and complete transcript of and from the record, * * * and of the original papers filed

in the cause.    There is nothing in the clerk's return to the writ of *certiorari* contradicting the certificate to the original transcript.    The return does not state that the bill was filed on the 24th day of February, or when it was filed.    It states that it was on file on the 15th of December, 1873, and that it was filed "as if" dated February 24th, 1872.    Taking the two certificates together, we think that they show that the bill of exceptions was filed after the 5th of March, and that it was to relate back to the 24th of February.    In that way the two can be reconciled, and both speak the truth.    If the return had stated that the bill was on file on the 24th of February, it would have controlled the certificate to the original transcript; but it does not, and we are compelled to decide whether there is any real contradiction or conflict between the two certificates.    Our opinion is, that there is not, and that the bill of exceptions is not properly in the record.

That disposes of the first error.    Nothing is presented under it for our consideration.

The motion in arrest of judgment is based upon an alleged want of facts in the complaint to constitute a cause of action.

The complaint alleges that the defendants, maliciously and without any probable cause whatever, appeared before the grand jury of Warren county, at the April term of the Warren Circuit Court for 1870, and without any probable cause whatever, caused and procured the plaintiff to be indicted for and on a false charge, by them preferred, of perjury; that they caused the grand jury to return the indictment into court, and caused a warrant to be issued for his arrest upon the indictment upon which he was arrested and imprisoned; that he had been put to great expense in defending himself against the false charge; and that he had been tried and acquitted by a jury of the offence alleged against him in the indictment.

It is insisted that the complaint is defective in not sufficiently stating an offence charged in the indictment, that the offence imputed to him should have been stated as in the

indictment, and that it was not sufficient to state it by its technical name.

We need not decide whether the complaint would have been liable to a special demurrer at common law, or whether the plaintiff might not have been required to make the allegation more certain under section 90 of the code, 2 G. & H. 112. We think the averments in the complaint substantially sufficient to constitute a cause of action. Sec. 90, *supra*; *Turpin* v. *Remy*, 3 Blackf. 210 ; *Bartlett* v. *Jennison*, 6 Blackf. 295 ; *Ammerman* v. *Crosby*, 26 Ind. 451.

In *Turpin* v. *Remy*, *supra*, on page 213, the court say: " In this case the defendant charged the plaintiff with perjury, and the declaration should have averred that fact, by the legal name or the description of that offence."

Besides, the supposed defect is cured by the verdict of the jury. It was alleged that the defendants caused the plaintiff to be indicted for perjury. To entitle him to a verdict, he would be required to prove the averment and produce an indictment by the grand jury of Warren county, containing a charge of perjury, and that the prosecution was ended. It would be no defence that the indictment was defective. The gravamen of the action consisted in maliciously causing the plaintiff to be indicted without any probable cause. *Stancliff* v. *Palmeter*, 18 Ind. 321 ; *Turpin* v. *Remy*, *supra*, page 214. In the last named case the court say: " Where the statement of the plaintiff's cause of action, and that only, is defective or inaccurate, the defect is cured by a general verdict in his favor ; because, to entitle him to recover, all circumstances necessary, in form or substance, to complete the title so imperfectly stated, must be proved at the trial ; and it is, therefore, a fair presumption that they were proved."

We have examined all the authorities referred to by the counsel for the appellant, and are of the opinion that they do not sustain the position assumed.

The judgment of the said Tippecanoe Common Pleas is affirmed, with costs.

*Petition for a rehearing overruled.*