THE LOGANSPORT GAS-LIGHT AND COKE CO. *v.* DAVIDSON.

BILL OF EXCEPTIONS.— *Time of Filing.* —Where a bill of exceptions is not filed at the time of the ruling to which exception is taken, the party excepting must obtain, and the court must fix, a definite and reasonable time within which to file the bill, and the record must show that this has been done, and that the bill has been filed within the time limited; and the statement in the bill that it is signed within the time allowed does not, alone, sufficiently show that a definite time was given.

From the Cass Circuit Court.

*S. T. McConnell* and *M. Winfield*, for appellant.

*D. B. McConnell* and *J. C. Nelson*, for appellee.

DOWNEY, J.—The appellee sued the appellant, and obtained judgment. The appellant presents two questions in this court:

1. As to the sufficiency of the complaint. ·

2. As to the correctness of the ruling of the circuit court in refusing to grant the appellant a new trial.

The action originated before a justice of the peace.

The plaintiff alleges, in his complaint, that on the 15th day of March, 1872, he was the tenant in possession of certain real estate in Logansport, consisting of part of a lot, on which was a boarding-house used by him, with a cellar under it, and a well appurtenant thereto; that the defendant, being a corporation and the owner of certain works for the

manufacture of gas-light and coke, etc., and then and ever
since operating the same, etc., in the vicinity of the plaintiff's
said house and lot, constructed and put in operation a large
tank for the manufacture of gas-light from naptha or some-
thing similar; that the said tank was so imperfectly, care-
lessly and negligently handled by the agents and servants of
the company, that large quantities of said material escaped
into the ground, and became mingled with the water which
flowed into the plaintiff's said well, and injured the same and
made it unfit for use, causing the same to become nauseating,
stinking and unhealthy, and permeated the ground in and
around the plaintiff's said cellar, and by impregnating the
air of the same with disgusting fumes of said material, ren-
dered it unfit for use for the purpose for which it was
intended, etc., and causing the air in and around said plain-
tiff's boarding-house to become and be foul and unhealthy,
so that his boarders left the same, etc., and his family
became and was sick, causing him to pay one hundred dol-
lars in doctors' bills; that, by reason of the same, he had to
carry water from a great distance, at an expense of one hun-
dred dollars; and that, by the damage to the cellar, he was
compelled to store his provisions elsewhere, at an expense of
one hundred dollars, all of which was caused by the said
careless, negligent, unskilful and unlawful acts of the defend-
ant, to the plaintiff's damage one hundred and ninety dol-
lars.

There was a trial by jury, and a general verdict for the
plaintiff, with answers to interrogatories propounded by the
defendant. Motion for a new trial overruled, and judgment
on the general verdict.

Counsel for appellant do not urge the insufficiency of the
complaint. They have pointed out no objection to it. We
have set forth the substance of it, and, in the absence of any
specific objection, we shall assume that it is sufficient.

After some time spent in the examination of the ques-
tions argued under the second assignment of errors; we have
come to the conclusion that the bill of exceptions, on which

they depend, is not legally in the record, and the questions, therefore, not properly before us for decision.

The motion for a new trial was overruled on the thirty-sixth day of the term, June 6th, 1874. An exception to the ruling was then taken, but it does not appear that any time was given in which to file the bill of exceptions. It was filed, in the clerk's office, on the 13th day of June, 1874. The conclusion of the bill of exceptions is as follows:

"Now, this, the defendant's bill of exceptions, is signed and sealed within the time limited by the court, and ordered to be made part of the record herein." It is dated June 13th, 1874.

It is settled by the rulings of this court, that when the bill of exceptions is not filed at the time the ruling of the court is made, to which the exception is taken, the party excepting must obtain, and the court must fix, a definite and reasonable time within which to file the bill, and the record must affirmatively show that it was filed within the time limited.

It was said, in *Lansing* v. *Coats*, 18 Ind. 166, after quoting the statute: "Under this statute the time fixed by the court for the filing of the bill of exceptions should be definite and reasonable."

The case of *Fulkerson* v. *Armstrong*, 39 Ind. 472, holds that the certificate of the clerk that a bill of exceptions was filed within the time allowed is not sufficient, but he must give "the date of the filing, that we may know that it was done in time."

We think that the mere statement of the judge in the bill of exceptions, that it was signed within the time allowed, does not sufficiently show that a definite time was given in which to file the bill of exceptions. We do not hold that if the bill of exceptions had stated a definite time given, this would not have been sufficient as fixing the time allowed.

The judgment below is affirmed, with costs.

Petition for a rehearing overruled.