Marshall v. Beeber *et al.*

## MARSHALL v. BEEBER ET AL.

BILL OF EXCEPTIONS.— *Time of Filing.*—A bill of exceptions, for the filing of which no time has been given, cannot be filed after the term.

NEW TRIAL. — *Motion.* — *Striking Out Pleading.*—Error in striking out a pleading is not a cause for a new trial.

SALE.—*Sale of Goods by One Not the Owner.*—The fact that one has purchased goods from another and received them as the goods of the latter, will not, if, in fact, they were the property of a third person, relieve such purchaser from liability to pay such third person for said goods.

From the Grant Circuit Court.

*J. A. Cotton* and *R. W. Bailey,* for appellant.

*I. Van Devanter, J. F. McDowell* and *D. V. Burns,* for appellees.

DOWNEY, C. J. — Action by the appellees against the appellant for the price of lumber sold and delivered. The defendant answered in three paragraphs.

On motion of the plaintiffs, the court struck out and set aside the first and third paragraphs of the answer.

There was a trial by jury of the issue formed by the second paragraph of the answer, which was a general denial, and a verdict for the plaintiffs. A motion by the defendant for a new trial was overruled, and there was final judgment for the amount of the verdict.

Two errors are properly assigned:

1. Striking out the first and third paragraphs of the answer.

2. Refusing to grant a new trial.

As to the first assignment of error, the point is made that no time was given in which to file the bill of exceptions upon this ruling, and it was not filed until after the term, and more than thirty days after the ruling. We think this position is well taken. The rule is statutory. 2 G. & H. 209, sec. 343. *The Logansport Gas Light and Coke Co.* v. *Davidson,* 51 Ind. 472.

Several grounds for a new trial were stated in the motion. Among others, it was urged, that the court had erred in

striking out the first and third paragraphs of the answer. This, however, is no ground for a new trial, as has frequently been decided.

It was further urged, that the court improperly refused to give two instructions asked by the defendant. The first was as follows:

"If the jury find, from all the evidence, that the defendant purchased the lumber in question from Sayles, and received the lumber as the lumber of Sayles, you should find for the defendant."

The fact that the defendant purchased the lumber of Sayles, and received it as the lumber of Sayles, if, in fact, it was not the lumber of Sayles, but was the lumber of the plaintiffs, could not shield him from liability to pay the plaintiffs for it. The instruction was properly refused.

The other instruction asked was as follows:

"If you find that the plaintiffs shipped to defendant, at Philadelphia, the lumber in controversy, and the freights of the railroad company were not paid within a reasonable time, the railroad company would have the right to sell the lumber for their freight; and that if the defendant was compelled, without an opportunity of seeing and examining the lumber, to pay the freight thereon, and the lumber, upon examination, proved not to be of the quality for which he contracted, he would be subrogated to the rights of the railroad company, and could, if the freights were not paid him, sell the lumber, and would only be bound to account to plaintiffs for the excess of money received after deducting necessary expenses."

The plaintiffs claim to have sold the lumber to the defendant, through the defendant's agent, Sayles, at twenty-eight dollars per thousand feet, delivered on the cars at Rochester, Indiana, payable when the lumber reached Philadelphia, where Marshall did business.

The defendant insists that he purchased the lumber from Sayles, and not from the plaintiffs. The evidence shows, however, pretty clearly, that the defendant was fully

informed, before the lumber reached Philadelphia, that it belonged to the plaintiffs and was shipped to him by them and on their account. Yet he paid the freight, received the lumber, and, through his broker or agent there, sold the same upon his own account.

Upon this state of facts, it seems clear to us that there was no error in refusing the instruction in question. As to the instruction given, of which complaint is made, we do not find that it is properly in the record, or any question as to it reserved in any legal mode.

It is urged that the evidence was not sufficient to sustain the verdict, that the verdict was contrary to law, and the damages excessive. But we do not think there is anything in any of these grounds which should cause a reversal of the judgment.

The judgment is affirmed, with two per cent. damages and costs.