### EMMERSON *v.* MARVEL, BY HER NEXT FRIEND, MARVEL.

SLANDER.— *Words not Actionable Per Se.— How made Actionable.—Pleading.* —Words, not actionable *per se,* spoken of the chastity of a woman, may be shown to have been spoken in an actionable sense, by an averment, either, 1st, that they were *intended,* when used, to impute to her a want of chastity, or, 2d, that, in the place where and at the time when used, their common meaning was such as to render them, in that locality, actionable *per se.*

SAME.—That "she was getting fat," and that "some one had slipped up on the blind side of her," spoken of an unmarried woman, are not actionable *per se.*

SAME.—*Colloquium.*—Words, not actionable *per se,* and, to render them actionable, requiring the use of a colloquium and innuendo, are thereby sufficiently shown to have been used in the hearing of another.

SAME.—Words not actionable *per se,* set out in a complaint for slander

with an averment, that, in the place where and at the time when used, they had an actionable meaning, are, *prima facie*, presumed to have been so intended and understood, without its being so alleged.

SAME.—*Pleading.—Arrest of Judgment.— Venue.*—Where, in an action for slander, for the speaking of words not actionable *per se*, the complaint contains a sufficient colloquium and innuendo, and the necessary averment, that, at the place where and the time when spoken, they had a provincial, actionable meaning, but does not name such place, such omission does not render it bad on motion in arrest of judgment.

SAME — *Words Actionable Per Se.—Evidence.*—That words, actionable *per se*, were spoken in the hearing of a third person need not be alleged in the complaint, but must be proved on the trial, in an action for slander.

SAME.—*Constitutional Law.—Title of Act.*—The statute of this state, authorizing an action for slander for words charging a woman with whoredom, is not unconstitutional for want of a proper title.

From the Gibson Circuit Court.

*D. F. Embree*, for appellant.

*C. A. Buskirk* and *W. H. Trippet*, for appellee.

PERKINS, J.—Complaint for slander. Answer, general denial. Trial. Verdict for the plaintiff, for three hundred and fifty-four dollars. Motion in arrest of judgment, overruled. Exceptions, and judgment on the verdict. No bill of exceptions. The motion in arrest is substantially as follows:

1st. The complaint does not state facts sufficient to constitute a cause of action;

2d. It does not show a speaking of the words within the State of Indiana;

3d. It does not show the speaking of the words within the presence or hearing of any person;

4th. It does not allege that the words spoken were ever published; and,

5th. It does not allege the speaking of the words in the presence or hearing of any person having knowledge of their alleged provincial meaning, or that they were spoken by the defendant in their alleged provincial sense.

The case is brought to this court upon the alleged error in overruling the motion in arrest of judgment, and

presents the single question, is the complaint in the cause good on such motion?

It will be proper to set forth the complaint in this opinion. It is as follows:

"Abigail Marvel, plaintiff, an infant, by her next friend, Wesley Marvel, whose written consent thereto is herewith filed, complains of Josephus Emmerson, defendant, and says that she, the plaintiff, Abigail, is an unmarried female, and is and always has been a person of good character, and honest and chaste in all her deportment, and, until the committing of the grievances by the defendant, hereinafter set forth, the plaintiff had never been suspected of the crime of fornication, or any other disgraceful, lascivious or unchaste act; yet the defendant, well knowing the premises, but maliciously intending to ruin the plaintiff's fair name and reputation, and bring her into public infamy, disgrace and scandal, on the — day of September, 1872, spoke of and concerning the plaintiff the following false, defamatory and slanderous words: that is to say; 'She' [the plaintiff, Abigail, meaning] 'was getting fat; some one had slipped up on the blind side of her,' [the plaintiff meaning] and meaning then and thereby, and by the use of said words, to charge the plaintiff with fornication, and with being pregnant with a bastard child. And again: 'She' [the plaintiff, Abigail, meaning] 'was getting fat,' (meaning that the plaintiff had been guilty of fornication, and that she was then pregnant with a bastard child); 'some one had slipped up on the blind side of her,' [the plaintiff meaning, and meaning that some man had had illicit, carnal intercourse with the plaintiff]. And plaintiff avers that the defendant intended, by the use of said words, to charge the plaintiff with fornication, whoredom, and with having had carnal intercourse with some man, and that she was, at the time of the uttering of said words, pregnant with a bastard child. And said plaintiff avers that said words, when taken together, at the time and place where said words were used by the defendant, had a

provincial meaning, viz., that the female of whom they should be spoken had been guilty of fornication, and was pregnant with a bastard child. Wherefore," etc.

We may observe, at this point, that it is not generally necessary to the sufficiency of a complaint for slander that it should aver a speaking of the words within the State in which the suit is brought. The action for slander is transitory. *Offutt* v. *Earlywine*, 4 Blackf. 460; *Linville* v. *Earlywine*, 4 Blackf 469.

In considering as to the sufficiency of the complaint, the first question decided may properly be, are the words alleged to have been spoken by the defendant, of the plaintiff, viz., "She was getting fat; some one had slipped up on the blind side of her," actionable *per se?* For if they are, the complaint is sufficient, notwithstanding its failure to show that the words were spoken in the presence and hearing of a third person. *Shinloub* v. *Ammerman*, 7 Ind. 347; *Guard* v. *Risk*, 11 Ind. 156.

We do not think the words actionable *per se*, throughout the country generally.

This being so, the next question is, does the complaint show, by the requisite allegations, that the words were spoken in an actionable sense, in this particular case.

This might be shown in one or both of two modes.

1st. By allegations in the complaint making it appear that, in this particular instance, they were used in an actionable sense, in a part of the State where they were not actionable *per se*. The words are of that character that renders them capable of being used with an actionable meaning. *Waugh* v. *Waugh*, 47 Ind. 580.

2d. By averments in the complaint, that, in the locality where they were used, the actionable meaning had become the common meaning, so that, in that locality, the words were actionable *per se*.

The complaint consists of a single paragraph, and it does not contain the necessary requisites to show an actionable speaking, according to the first mode men-

tioned. The colloquium is absent. *Schurick* v. *Kollman,* 50 Ind. 336. Where an inducement or colloquium and innuendo were required by the common law in a declaration, they are required under the code in a complaint, so far as relates to the subject-matter. See note to *Harper* v. *Delp,* 3 Ind., on page 234. It is not necessary that we should, in this opinion, particularize as to when a part or all of these special allegations should appear in the complaint. The subject is familiar to the lawyer. The text-books on pleading and practice treat of it minutely. Our own reports abound with cases illustrating it. An early case is *Linville* v. *Earlywine, supra.* Late cases are *Lipprant* v. *Lipprant,* 52 Ind. 273, and *Spahr* v. *Nicklaus,* 51 Ind 221.

As the point in regard to publication of the slanderous words is made on the motion in arrest, we may observe that where the words charged in the complaint are actionable *per se,* it is not necessary to its sufficiency, as has been shown above, that it should contain an allegation that the words were spoken in the presence of some third person, though such fact would have to be proved on the trial; yet where the words are not actionable *per se,* and a colloquium, etc., is required to appear in the complaint, such colloquium will necessarily disclose the fact of the publication of the words to third persons.

We proceed to the second mode mentioned of showing the actionable character of the charge, viz., by averring a provincial, that is, an actionable local meaning in the place where spoken. Are the averments in the complaint sufficient for this purpose? We bring together the parts of the complaint bearing on this point, thus: The defendant, on the — day of September, 1872, spoke of the plaintiff the following defamatory words: "'She was getting fat; some one had slipped up on the blind side of her;' and the plaintiff avers that said words, when taken together, at the time and place where said words were

used by the defendant, had a provincial meaning, to wit, that the female of whom they should be spoken had been guilty of fornication, and was pregnant with a bastard child."

The complaint was filed in the Gibson circuit court, Gibson county, Indiana.

We think the complaint sufficient on motion in arrest. In *Miles* v. *Vanhorn*, 17 Ind, 245, a point decided is thus stated in the syllabus.

" The word ' screwed' does not of itself import sexual intercourse, but it may, in certain localities, be used to impute the charge of whoredom, and where that is the case, a complaint for slander founded upon such a use of the word should affirmatively allege its import at the time and place it is used."

In the opinion, DAVISON, J., says:

" The appellee refers to *Rodebaugh* v. *Hollingsworth*, 6 Ind. 339; but that authority does not favor his view of the question; because, there the word ' screwed' was alleged in the complaint to have a provincial meaning; and that, at the time when, and place where, it was spoken, it meant sexual intercourse."

In *Lipprant* v. *Lipprant*, 52 Ind. 273, the complaint went further, and averred that the defendant spoke the words in the provincial sense, and that they were so understood, etc., but the court, in deciding the case, attached no importance to these allegations in the complaint. The court says:

" It seems to us that this paragraph of the complaint is sufficient. To charge a person with keeping a whore-house is actionable. Townshend Slander, 237. That is what the words import, according to their provincial meaning." See Townshend, *supra*, pp. 170-172, notes.

*Prima facie*, words having a provincial meaning will be used and understood in the province, the locality, with such meaning, and if that meaning be an actionable one, the words, in the province, will be, *per se*, actionable.

We think the complaint good, probably on demurrer, certainly on motion in arrest. *Shimer* v. *Bronnenburg*, 18 Ind. 363, fully sustains this conclusion. So does *Thomas* v. *Hunter*, 44 Ind. 477. Had a motion been made, before answer, requiring the complaint to have specified the place where the words were spoken, it should have been sustained.

The point is made in argument, that an action of slander will not lie at common law for charging a female with whoredom, and that the statute of this State authorizing such action is unconstitutional and void, because not enacted under a proper title. The statute has been too often judicially recognized as valid to be questioned now. *Rodebaugh* v. *Hollingsworth, supra; Rodgers* v. *Lacey*, 23 Ind. 507; and other cases, too numerous to be cited.

The judgment is affirmed, with five per cent. damages, and costs.

Petition for a rehearing overruled.