. Huff, Executor, v. Krause, Administrator.

STATUTE OF LIMITATIONS.—*Action on Account.—Decedents' Estates* —In an action against a decedent's estate, upon an open account, the administrator answered, alleging that none of the causes of action had accrued within six years prior to either the death of the decedent or the filing of the complaint.

*Held*, on demurrer, that the answer is sufficient.

BILL OF EXCEPTIONS.—*Filed too Late.*—Where, on the 19th of May, thirty days are given to file a bill of exceptions, it is too late to file the same on the 19th of June following.

SAME.—*Evidence of Time of Filing in Vacation.—Clerk.—Judge.—Supreme Court.*—The official statement, not of the judge in the bill of exceptions, but of the clerk of the court in the record of the cause, is the only evidence to which the Supreme Court can look to ascertain the time, in vacation, when a bill of exceptions was filed.

From the Hamilton Circuit Court.

*J. W. Evans* and *R. R. Stephenson*, for appellant.

*T. J. Kane* and *T. P. Davis*, for appellee.

BIDDLE, J.—Complaint of the appellee, as administrator of the estate of Benjamin Olvey, deceased, upon a common count, with a bill of particulars, against the appellant, as the executor of the last will and testament of John Olvey, deceased.

A demurrer, alleging the insufficiency of the facts stated, was overruled to the complaint, and exceptions reserved.

Answer,

1. General denial;

2. Payment; and,

3. Statute of limitations.

Demurrer to third paragraph of answer for the alleged want of facts; overruled; exceptions.

Reply in denial to second and third paragraphs of answer, and a special reply also to the third paragraph.

Demurrer to the third paragraph of reply; overruled, and exceptions.

Trial by jury; verdict for the appellee.

Motion for a new trial; overruled; exceptions.

The only question raised by the motion for a new trial is the sufficiency of the evidence to support the verdict.

Judgment and appeal.

The errors assigned in this court are:

1. Overruling the demurrer to the complaint;

2    Overruling the demurrer to the third paragraph of answer; and,

3.   Overruling the motion for a new trial.

The insufficiency of the complaint is not insisted upon in the appellant's brief, and we can see no defect in it.

Nor can we see any defect in the third paragraph of answer. It avers that the several causes of action mentioned in the complaint did not accrue within six years next immediately preceding the commencement of this suit, nor within six years next immediately preceding the death of the defendant's decedent, John Olvey. The cause of action in the complaint is an open account of various items, and we think the third paragraph of answer is well pleaded, and that the demurrer to it was properly overruled.

The demurrer to the second paragraph of reply is not in the record, nor is the ruling upon it assigned as error; it therefore presents no question to us.

The verdict was returned into court, the motion for a new trial made and overruled, exceptions reserved, and judgment rendered, on the 19th day of May, 1877, and thirty days from that date were given to the appellant to perfect and file his bill of exceptions. On the 19th day of June, 1877, the bill of exceptions was filed in the clerk's office. This was too late. The bill of exceptions is no part of the record. Thomas v. Hunter, 44 Ind. 477; Bargis v. Farrar, 45 Ind. 41; DeHaven v. DeHaven, 46 Ind. 296; The Logansport Gas-Light and Coke Co. v. Davidson, 51 Ind. 472; Schoonover v. Irwin, 58 Ind. 287.

The statement in the heading of the bill is as follows:

"Be it remembered, that, on the 19th day of June, 1877, in vacation, after the April term of the Hamilton Circuit Court, and within the time specified by the court, the defendant, by Evans & Stephenson, his attorneys, filed in the office of the clerk of the Hamilton Circuit Court his bill of exceptions, which is signed by the court and filed by the clerk, and is in these words."

This statement is necessarily made befcre the bill was completed, and, as the bill can not be filed until after it is completed, does not show that it was filed in time, notwithstanding the statement that it was "within the time specified." The judge, in vacation, can not say that the bill was filed in time, nor when it was filed. The clerk is the only officer that can file the bill, and his official statement of the filing must be our guide. See authorities cited above.

The evidence not being before us, we can not consider the question of its sufficiency.

The judgment is affirmed, at the costs of the appellant.