Filed Sept. 28, 1894.

---

No. 16,619.

DOWNEY *v.* HEAD ET AL.

| 138 | 503 |
| 142 | 226 |
| 142 | 679 |
| 143 | 365 |
| 143 | 448 |
| 138 | 503 |
| 144 | 192 |

BILL OF EXCEPTIONS.—*Reporter's Longhand Manuscript of Evidence.— When not in Record.*—Where what purports to be a stenographer's longhand manuscript of the evidence in the case is found with the record, but in no way attached to it, and the record shows no writ of *certiorari* prayed for or issued, by which it was brought up, and the manuscript is not certified to as "filed with the clerk of the court," nor as "incorporated in the bill of exceptions," and the clerk's certificate does not appear with the transcript for any purpose, the manuscript, and consequently the evidence, is not in the record.

Downey *v.* Head, *et al.*

SUPREME COURT PRACTICE.—*Questions Depending on the Evidence.—Evidence not in Record.*—No question depending wholly on the evidence can be considered when the evidence is not in the record.

From the Lake Circuit Court.

*C. F. Griffin, A. L. Jones, C. N. Morton* and —— *Wile,* for appellant.

*W. A. Ketcham,* for appellees.

HOWARD, J.—This was an action by the appellee Daniel Head against the appellant and others, to foreclose a mortgage on certain real estate in Lake county.

There was a finding by the court in favor of said appellee, followed by a decree and order of sale of said real estate.

The errors assigned on this appeal are:

1. That the cause was tried without a complaint filed.

2. That after demurrer sustained to the complaint originally filed, the appellee filed no amended complaint.

3. The overruling of the motion for a new trial.

As to the first two alleged errors, it is sufficient to say that it appears, from the return by the clerk of the Lake Circuit Court to a writ of *certiorari* issued out of this court, that an amended complaint was duly filed in the Lake Circuit Court. Upon this amended complaint the cause was tried and duly proceeded to judgment.

The only brief filed by appellant is a supersedeas brief, devoted in great part to a consideration of the first two assignments of error. In this brief it is said: "The time for filing a bill of exceptions in the case has not yet expired, and the same is now under consideration by the court, and will be duly brought up upon *certiorari* at a later date, when the same shall have been filed."

The record, however, shows no such writ of *certiorari* prayed for or issued.

In the same brief, and in relation to the third assign-

Downey *v.* Head *et al.*

ment of error, counsel speak of "other errors occurring at the trial, which will be hereafter noted, when the bill of exceptions shall be duly certified up."

But the record shows no bill of exceptions "duly certified up," nor any certificate from the clerk of the Lake Circuit Court as to any bill of exceptions filed in his office. If a bill was filed, the transcript should show the fact under the seal and certificate of the clerk. Section 641, R. S. 1894 (section 629, R. S. 1881); *Loy* v. *Loy*, 90 Ind. 404; *Shulse* v. *McWilliams*, 104 Ind. 512; *Nofsinger* v. *Reynolds*, 52 Ind. 218; *Huff, Exr.*, v. *Krause, Admr.*, 63 Ind. 396; *Conkey* v. *Conder*, 137 Ind. 441.

We find with the record, but not in any way attached to it, a package of papers purporting to be a stenographer's longhand manuscript of the evidence in the case; but this manuscript is not certified to as "filed with the clerk of the court," nor as "incorporated in a bill of exceptions," as required by section 1476, R. S. 1894 (section 1410, R. S. 1881); nor does the clerk's certificate appear in connection with it for any purpose. It is, therefore, no part of the record. *Wagoner* v. *Wilson*, 108 Ind. 210.

The correctness of the court's ruling on the motion for a new trial depends wholly upon the evidence. The evidence, therefore, not being in the record no question arises under the third assignment of error.

From the files of the case it appears that, soon after the filing of their supersedeas brief, counsel for appellant, for cause not shown, withdrew their appearance and abandoned the appeal.

Judgment affirmed.

Filed Sept. 25, 1894.